IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
MAR 02 2010
OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:09CR378 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **PLEA AGREEMENT** |
| JOSE TOMAS LOPEZ-RENDON, ) | |
| ) | |
| Defendant. ) | |

The United States of America and Defendant, Jose Tomas Lopez-Rendon, agree to the following:

**NATURE OF CRIME AND PENALTIES**

1.  The Defendant will plead guilty to Counts I and III of the Indictment. Count I charges a violation of Title 21, United States Code, Section 846. The Defendant understands that by entering this plea of guilty as to Count I, the Defendant is exposed to imprisonment of 10 years to life, a fine of $4,000,000, both such fine and imprisonment, a term of supervised release of at least 5 years, and a $100 special assessment. Count III charges a violation of Title 8, United States Code, Section 1326(a). The Defendant understands that by entering this plea of guilty as to Count III, the Defendant is exposed to imprisonment of not more than 20 years, a fine of $250,000, both such fine and imprisonment, a term of supervised release of 3 years, and a $100 special assessment.

2.  In exchange for the Defendant's plea of guilty as indicated above, the United States agrees as follows:

    a.  If the Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the

Court reduce the Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

  b. The United States will move to dismiss Count II at the time of sentencing.

## COOPERATION PROVISIONS

3. The Defendant shall truthfully answer all questions asked of the Defendant by the United States and/or law enforcement agents, and shall truthfully disclose and volunteer all information regarding the Defendant's activities and that of others in all criminal matters of which the Defendant currently has knowledge, or hereafter acquires knowledge.  The Defendant shall not withhold any information.  The Defendant shall neither protect nor harm any person or entity through false information or omission, nor falsely implicate any person or entity.  The Defendant shall commit no crimes whatsoever.  The Defendant shall furnish and disclose the location of any requested documents, items or electronically stored information in the Defendant's custody, possession or control or of which the Defendant has knowledge.  The Defendant shall accompany agents of the United States and/or agents of state or local law enforcement agencies to any location of their choosing in order to accomplish full disclosure.  The Defendant agrees to be interviewed by law enforcement officers any time after execution of this agreement.  Presence of defense counsel is specifically waived at any such interview.  The United States will notify defense counsel, when practical to do so, of any such interview prior to the interview.  The Defendant shall truthfully testify, if requested, regarding any matters about which the United States may require.  If the Defendant's continuing cooperation requires the approval of the Court, the Defendant agrees to actively assist in the acquisition of such approval.

4. Any cooperation provided by the Defendant will be considered by the United States under U.S.S.G. § 5K1.1, and/or, separately, under 18 U.S.C. § 3553(e), and/or, separately, under

Federal Rule of Criminal Procedure 35(b), in determining whether a motion should be filed to reduce the Defendant's sentence. The United States will not consider filing a motion to reduce the Defendant's sentence until the Defendant's cooperation has been completed. The Defendant will not challenge the decision not to file a motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), before completion of the Defendant's cooperation. If the United States does not file a motion to reduce the Defendant's sentence for the Defendant's cooperation, the Defendant waives the Defendant's right to challenge that decision by any means, no matter how entitled, except upon a substantial threshold showing by the Defendant that any such decision was based upon an unconstitutional motive related to the Defendant's race, religion, gender, or national origin, or upon an appropriate showing of a violation of the Defendant's Sixth Amendment Right to Counsel.

5. Nothing which the Defendant says pursuant to this agreement may be used against the Defendant, so long as the Defendant abides by all of the terms of this agreement. The United States may, however, make derivative use of and may pursue any investigative leads suggested by any statements made by or other information provided by the Defendant. The United States agrees that the Defendant will not be federally prosecuted in the District of Nebraska for any drug trafficking crimes which the Defendant reported to law enforcement during interview(s) on or after October 5, 2009, other than as set forth in paragraph numbered one (1), above. This agreement not to prosecute the Defendant for specific crimes does not prevent any prosecuting authority from prosecuting the Defendant for any other crime, or for any crime involving physical injury or death.

## SENTENCING ISSUES

6. Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

   a. The parties agree that the Defendant should be held responsible beyond a reasonable doubt for 1.5 kilograms or more of actual methamphetamine and, therefore, pursuant to U.S.S.G. § 2D1.1, the Defendant's base offense level is 38.

   b. The parties agree that the Defendant is not subject to either upward or downward adjustment in offense level for role in the offense, pursuant to U.S.S.G. §§ 3B1.1 and 3B1.2.

   c. The Defendant agrees not to make any motion requesting a downward departure based on U.S.S.G. §§ 5H1.1-5H1.12 and/or 5K2.0-5K2.23.

## SCOPE OF THE AGREEMENT AND OTHER PROVISIONS

7. This agreement is limited to the United States Attorney's Office for the District of Nebraska, and does not bind any other federal, state or local prosecuting authorities.

8. By signing this agreement, the Defendant agrees that the time between the date the Defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The Defendant stipulates that such period of delay is necessary in order for the Defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the Defendant and the public in a speedy trial.

9. The Defendant agrees that all information known by the office of United States Pretrial Services may be used by the Probation Office in submitting its pre-sentence report, and may be disclosed to the Court for purposes of sentencing.

10.     The United States may use against the Defendant any disclosure(s) the Defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the Defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

11.     Pursuant to 18 U.S.C. § 3013, the Defendant will pay to the Clerk of the District Court the mandatory special assessment of $100.00 for each felony count to which the Defendant pleads guilty. The Defendant will make this payment at or before the time of sentencing.

12.     By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).

13.     The Defendant hereby knowingly and expressly waives any and all rights to appeal the Defendant's conviction and sentence in this case, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The Defendant further knowingly and expressly waives any and all rights to contest the Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a)     The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

14. This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

15. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

UNITED STATES OF AMERICA

DEBORAH R. GILG
United States Attorney

3/2/10
Date

JOHN E. HIGGINS #19546
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

2-26-2010
Date

JOSE TOMAS LOPEZ-RENDON
DEFENDANT

2/26/10
Date

JAMES J. REGAN
ATTORNEY FOR DEFENDANT

Rev. 10/2009

## POLYGRAPH EXAMINATION

Upon request by the United States, the Defendant will submit to a polygraph examination(s) administered by an examiner chosen by the United States.

_3/2/10_
Date

_[signature]_
JOHN E. HIGGINS #19546
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

_3-2-10_
Date

_Jose Lopez Rendon_
JOSE TOMAS LOPEZ-RENDON
DEFENDANT

_3-2-10_
Date

_[signature]_
JAMES J. REGAN
ATTORNEY FOR DEFENDANT