IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR378 |
| Plaintiff, | ) ) ) | |
| vs. | ) | TENTATIVE FINDINGS |
| JOSE TOMAS LOPEZ-RENDON, | ) ) ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") in this case and the Defendant's Objections to the PSR (Filing No. 44). The Defendant also filed a supporting brief (Filing No. 45).

The Defendant's objections consist primarily of a blanket objection to each criminal history point assessed for the reason that documentation of the convictions and sentences imposed have not been provided to defense counsel. The Court does not look with favor on blanket objections. It does not appear that counsel investigated the nature of the objections on an individual basis by requesting records that may be in the possession of the probation officer before filing the blanket objections. It is defense counsel's burden to request, and if required, view and/or copy the documentation at the probation office.

The Defendant argues that because he was deported while on probation for a prior offense, he could no longer comply with his conditions and his term of probation was ended by his deportation. The Eighth Circuit has rejected this argument. *United States v. Barrera,* 562 F.3d 899, 902 (8th Cir. 2009).

Finally, the Defendant objects to the statement in ¶ 118 that no factors are considered to warrant a nonguideline sentence. No basis for the objection was provided, and the Court is not at liberty to change the probation officer's opinion expressed in ¶ 118.

For these reasons as well as those stated in the Addendum to the PSR, the objections to ¶¶ 56, 57, 58, 60, and 61 are denied.

IT IS ORDERED:

1. The parties are notified that my amended tentative findings are that the Defendant's objections to the Revised Presentence Investigation Report (Filing No. 44) are denied;

2. The Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my amended tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these amended tentative findings shall be resolved at sentencing.

DATED this 10th day of May, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge