## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR378 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOSE TOMAS LOPEZ-RENDON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 66) and the motion for leave to proceed in forma pauperis (Filing No. 68) filed by Defendant Jose Tomas Lopez-Rendon.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process as follows:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Pursuant to Rule 4(b), the Court has conducted an initial review of the motion.  For the reasons stated below, it appears plainly from the face of the motion and the record that Defendant is not entitled to relief.  Accordingly, the motion will be summarily dismissed.[1]

---

[1] Defendant, in his notice of motion (Filing No. 70), also requests leave to supplement his motion to proceed in forma pauperis, as well as for an evidentiary hearing  and appointment of counsel.  As the Court finds the § 2255 motion should be dismissed on initial review, these requests are moot.

## BACKGROUND

On March 2, 2010, Defendant entered a plea of guilty before Magistrate Judge F. A. Gossett to Count I of the Indictment, which charged Defendant with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, and Count III of the Indictment, which charged Defendant with a violation of 8 U.S.C. § 1326(a), unlawful reentry of an alien, who had a conviction for an aggravated felony, into the United States after a previous deportation.  (Filing No. 35.)  An interpreter was present at the change of plea hearing.  Defendant was placed under oath, and thereafter stated the following: he was satisfied with the advice of his attorney, James Regan; no one made any threat or promise to get him to plead guilty; he voluntarily was pleading guilty to Counts I and III of the Indictment; he committed each and every one of the elements of the crimes of conspiracy to possess with intent to distribute methamphetamine and unlawful reentry of an alien, who had a conviction for an aggravated felony, into the United States after a previous deportation; he understood the statutory penalties, including that on Count I he was subject to a ten-year (120-month) mandatory minimum sentence and the maximum term of imprisonment was life; and he understood that he could receive a sentence different than what he or his attorney believed might be imposed.  (Filing No. 42.)  Defendant also signed a written plea agreement that stated the following: Defendant will plead guilty to Counts I and III of the Indictment; Defendant is exposed to imprisonment of ten years to life; and no promises, agreements or conditions have been entered into other than those set forth in the agreement.  (Filing No. 41.)  Pursuant to the plea agreement, Defendant agreed not to make any motion

requesting a downward departure based on §§ 5H1.1-5H1.12 or §§ 5K2.0-5K2.23 of the United States Sentencing Guidelines.  (*Id.*)

On March 23, 2010, the Court adopted Judge Gossett's recommendation, accepted Defendant's plea, and found Defendant guilty.  (Filing No. 43.)  A presentence report was prepared, which, among other things, calculated Defendant's total offense level to be 35 and criminal history category to be V, noted that the relevant statutory sentencing provisions for Count I mandated a ten-year minimum sentence and a maximum of life, and stated that "[t]he likelihood of deportation appears to prohibit consideration for community service in lieu of a fine . . . ."  (Filing No. 51 at 17.)  Defendant filed objections to the presentence report (Filing No. 44), and the Court denied those objections (Filing No. 48).  On June 4, 2010, Defendant was sentenced to a 240-month term of imprisonment and a five-year term of  supervised release for Count I, and a 240-month term of imprisonment and a three-year term of supervised release for Count III, such terms to run concurrently.  (Filing No. 50.)  An interpreter was present at the sentencing hearing.  Judgment was entered on June 18, 2010.  (Filing No. 53.)  Defendant did not file an appeal with the Eighth Circuit Court of Appeals.[2]

Defendant filed the instant § 2255 motion on December 26, 2012. He raises the following three grounds for relief: In Ground I, Defendant asserts that his waiver of the right to file collateral attack under 28 U.S.C. § 2255 was unknowing and involuntary and without full knowledge of the rights he was waiving (which the Court construes as a claim of

---

[2] On December 2, 2011, Defendant filed a motion captioned as a "Pro-Non-Tunk Notice of Appeal de-novo Review."  (Filing No. 63.)  The Court found that the pleading consisted of claims appropriately raised in a § 2255 motion, and denied such a motion as untimely.  (Filing No. 64.)

ineffective assistance of counsel); in Ground II, Defendant asserts that his sentence violates his Sixth Amendment right to effective assistance of counsel; and in Ground III, Defendant asserts that his sentence violates his Sixth Amendment right to effective counsel because he was denied due process.  (Filing No. 66 at 4-7.)

## DISCUSSION

The general rule under 28 U.S.C. § 2255 is that a one-year statute of limitations begins to run on the date that the conviction became final.    28 U.S.C. § 2255(f)(1). Because Defendant did not file a direct appeal and the narrowly applied doctrine of equitable tolling does not apply (because Defendant has made no showing that extraordinary circumstances beyond his control made it impossible for him to file timely his § 2255 motion, *see United States v. McIntosh,* 332 F.3d 550, 550 (8th Cir. 2003)), his conviction became final when the fourteen-day period for filing a notice of appeal expired. Fed.R.App.P. 4(b)(1)(A), 26(a)*; see Murray v. United States*, 313 F. App'x 924 (8th Cir. 2009) (finding that, when defendant did not file a direct appeal, his conviction became final upon expiration of the time for filing notice of appeal).  As the judgment was entered on June 18, 2010, the conviction became final on July 6, 2010, and under most circumstances a § 2255 motion needed to be filed within one year of that date.

Nevertheless, claims that involve a right newly recognized by the Supreme Court may instead be considered one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Defendant cites *Lafler v. Cooper*, – U.S. –, 132 S. Ct. 1376 (2012), as espousing a new rule such that the instant motion is timely under 28 U.S.C. § 2255(f)(3).

4

(Filing No. 66 at 12.)  However, *Lafler* did not announce a new rule of constitutional law. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) ("[N]either *Frye* nor *Lafler* . . . decided a new rule of constitutional law."); *United States v. Cooper*, – F. Supp. 2d –, 2012 WL 3860564, at *2 (D. Neb. Sept. 5, 2012) ("The difficulty with [the argument that the limitations period did not start until *Lafler* was issued] is that [the defendant's] claim of ineffective assistance of counsel regarding an accepted plea bargain is premised on the well-known principles set out in *Strickland v. Washington*, 466 U.S. 668 . . . and *Strickland* was issued long ago. [The defendant] does not explain how *Lafler* . . . created a new rule for cases such as his, and [the Court] cannot discern any basis for such an argument."). Therefore, the timeliness of Defendant's motion will be evaluated pursuant to 28 U.S.C. § 2255(f)(1).

Defendant filed the instant motion on December 26, 2012, well after the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1) expired.  Therefore, the motion is untimely and will be summarily dismissed.

Accordingly,

IT IS ORDERED:

1.  The Court has completed the initial review of Defendant Jose Tomas Lopez-Rendon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 66);

2.  Upon initial review, the § 2255 motion (Filing No. 66) is summarily dismissed;

3.  Defendant's motion for leave to proceed in forma pauperis (Filing No. 68) is denied as moot;

4.  A separate judgment will be filed in this case; and

5.     The Clerk shall mail a copy of this Memorandum and Order to Defendant at

his most recent address.

DATED this 15th day of January, 2013.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge