# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:09CR378 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| JOSE TOMAS LOPEZ-RENDON, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Jose Tomas Lopez-Rendon's Notice of Appeal, which the Court will construe as a Motion for Certificate of Appealability (Filing No. 73), and Defendant's Motion for Leave to Appeal In Forma Pauperis (Filing No. 74). Defendant appeals from the Memorandum and Order (Filing No. 71) summarily dismissing his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 66).

Before an applicant may appeal the denial of a § 2255 motion, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If a certificate of appealability is issued, it shall indicate which specific issue or issues satisfy the showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

A "substantial showing of the denial of a constitutional right" for a claim dismissed on the merits requires a demonstration "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds, the analysis has two components; the first is "directed at the underlying constitutional claims" and the second is "directed at the district court's procedural holding." *Id.* at 484-85.

In this case, the issues raised in Defendant's § 2255 motion were carefully considered. The Court ultimately dismissed the motion as untimely pursuant to 28 U.S.C. § 2255(f)(1). In so concluding, the Court rejected Defendant's argument that the Supreme Court's holding in *Lafler v. Cooper*, – U.S. –, 132 S. Ct. 1376 (2012), announced a new rule of constitutional law such that Defendant could proceed with his motion under 28 U.S.C. § 2255(f)(3). The Court notes that since its decision, the Eighth Circuit Court of Appeals confirmed that "neither *Cooper* nor [*Missouri v. Frye*, – U.S. –, 132 S. Ct. 1399 (2012)] announced a new rule of constitutional law." *Williams v. United States*, – F.3d –, 2013 WL 238877, at *1 (8th Cir. 2013) (per curiam). For the reasons set out in the Court's previously issued Memorandum and Order denying Defendant's § 2255 motion, the Court concludes that Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). Accordingly,

IT IS ORDERED:

1. Defendant Jose Tomas Lopez-Rendon's Notice of Appeal (Filing No. 73) is construed as a Motion for Certificate of Appealability, and such a motion is denied;

2. Defendant's Motion for Leave to Appeal In Forma Pauperis (Filing No. 74) is denied;

3. The Clerk is directed to send a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to Defendant at his last known address.

DATED this 30th day of January, 2013.

BY THE COURT

s/Laurie Smith Camp
Chief United States District Judge